Date signed August 24, 2010



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| DEBBIE A. HALL | : | Case No. 04-12587PM |
| | : | Chapter 7 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

### MEMORANDUM OF DECISION

The Brandywine Station Townhouse Association, Inc. ("Brandywine") filed an application for the allowance of administrative expenses (the "Application") under 11 U.S.C. § 503(b)(1) on account of unpaid homeowners association dues in the sum of $3,901.25 for the period from February 4, 2004, that being the day before the filing of this case originally as a case under chapter 7, to May 31, 2010. The matter came on for hearing on August 9, 2010.[1]

---

[1] The Debtor mounted an extensive campaign not only to fail to cooperate with the chapter 7 Trustee as required by law but also to frustrate the Trustee's efforts to perform his statutory duties. Her efforts resulted in needlessly compounding the Trustee's work and minimizing the distribution to unsecured creditors. After Debtor's case was reconverted to one under chapter 7 by order entered January 23, 2007, Debtor's failure to cooperate with the Trustee led him to file a complaint (A.P. No. 07-00438) objecting to Debtor's discharge based upon her failure to supply recorded information and her failure to obey orders of the court, including her refusal to appear for an examination to be conducted pursuant to Fed. Rule of Bankruptcy Proc. 2004. When Debtor failed to respond to the Complaint, an order was entered denying her discharge. Debtor then continued to ignore her duty under 11 U.S.C. § 521(a)(3) and (4) to cooperate with the Trustee to enable him to perform his duties under title 11, namely the

Brandywine bears the burden of proving its entitlement to an administrative expense priority.  *See In re Merry-Go-Round Enterprises, Inc.*, 180 F.3d 149, 157 (CA 4 1999) (citing *Ford Motor Credit Co. v. Dobbins*, 35 F.3d 860, 865 (CA4 1994)).  In order for a claim for administrative expenses to be allowed, the claimant must establish that the bankruptcy estate received a tangible benefit from the expenditure. *In re Shangra-La, Inc*., 167 F.3d 843, 847 n.2 (CA4 1999); *In re Midway Airlines Corp.*, 406 F.3d 229, 237 (CA4 2005).  Here, if there was any benefit to the estate from the services of Brandywine, it was de minimis at best.  The Application merely states that dues were owing for the period February 4, 2004, to May 31, 2010, and that Brandywine is entitled to attorney's fees of 25%.  In response to the Trustee's opposition, Brandywine, quoting 11 U.S.C. § 503(b)(1)(A), points out that it supplied landscaping, snow removal and other services to the property and that therefore its dues are "'the actual necessary costs and expenses of preserving the estate, including wages, salaries or commissions for services rendered after commencement of the case.'"

Among the assets scheduled by the Debtor was her home located at 9005 Florin Way, Upper Marlboro, Maryland that she valued at $105,000.00, subject to a first trust loan in the

---

liquidation of her non-exempt assets. As a result, the court  passed an extraordinary order to compel her cooperation, directing the Debtor to vacate her residence and issuing a writ of assistance to the Trustee so that the office of the United States Marshal would aid in the eviction. Despite Debtor's best efforts to thwart the sale of her residence, the real estate broker retained by the Trustee produced a signed contract with a purchase price of $135,000.00, subject to a "rehab" amount of $20,000.00.  Notice of the Trustee's intention to sell the property free and clear of liens pursuant to 11 U.S.C. § 363(b) was then sent to all parties in interest on April 13, 2010.  Debtor filed a somewhat incomprehensible pair of objections to the notice that were denied.  Undaunted, Debtor filed a motion to prevent her eviction, and that motion was denied as well, enabling the Trustee to attend closing for the sale of Debtor's residence.  It must be noted that the Trustee did everything in his power to accommodate the Debtor and to enable her to seek the necessary financing to retain the property. This case is akin to the case of *In re Schafler*, 62 F. App'x 138 (CA9 2003), where the Ninth Circuit affirmed the district court opinion that denied a chapter 7 debtor's efforts to charge the estate for condominium fees for a unit that she intentionally concealed from the trustee for her personal benefit.

amount of $83,000.00.  The Debtor did not claim any interest in the property as exempt.  Shortly after the filing of the case, Brandywine filed a notice of appearance and, on May 5, 2004, filed a proof of claim setting forth a secured claim in the sum of $890.00 and an unsecured claim in the sum of $506.25.  An amended proof of claim was filed April 12, 2007, reducing the unsecured portion of the claim to $343.75.  The secured portion of the claim was paid from the proceeds of the sale of Debtor's residence by the Trustee.  Brandywine stated in its opposition [D.E. No. 128] to the Debtor's Emergency Motion to Dismiss [D.E. No. 125] that the Debtor had not paid any homeowners association fees since July 2006, whereas, in the instant motion, Brandywine states that fees were due from February 4, 2004.  Possibly the Debtor made some payments to Brandywine after the filing of this bankruptcy case.  On the other hand, Brandywine was far from diligent in its efforts to collect fees due from Debtor in that it did not seek relief from the stay to enforce its claim.  Had it obtained such relief from the automatic stay of 11 U.S.C. § 362(a) and secured the imposition of a lien under MD. CODE ANN., REAL PROP. §14-203, that lien would have secured repayment of the outstanding fees just as the secured portion of its proof of claim was paid.  Having failed to do so, in order to secure payment of its account, Brandywine falls back to the position of claiming an administrative expense.

The Debtor's post-filing obligations are governed by 11 U.S.C. § 523(a)(16), enacted as part of the Bankruptcy Reform Act of 1994.  This section provides as follows:

> **11 U.S.C. § 523.  Exceptions to discharge**
>
> (a) A discharge under section 727, 1141, 1228(a) 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--
> \*          \*          \*          \*          \*
>
> (16) for a fee or assessment that becomes due and payable after the order for relief to a membership association with respect to the debtor's interest in a unit that has a condominium ownership, in a share of a cooperative corporation, or a lot in a homeowners association, for as long

> as the debtor or the trustee has a legal, equitable, or possessory ownership interest in such unit, such corporation, or such lot, but nothing in this paragraph shall except from discharge the debt of a debtor for a membership association fee or assessment for a period arising before entry of the order for relief in a pending or subsequent bankruptcy case.

This amendment clarified the uncertainty facing courts with respect to whether a discharge in bankruptcy relieved a debtor from post-petition assessments of fees owing for cooperative and condominium dues. *Compare In re Rosteck*, 99 B.R. 400 (N.D. Ill. 1989) (condominium assessments arose from pre-petition contract and were discharged), *with In re Rosenfeld*, 23 F.3d 833 (CA4 1994) (condominium's right to payment for assessments that arose post-petition is in the nature of a covenant running with the land and survives discharge). In any event, Debtor's discharge having been denied, she remains liable to Brandywine for fees assessed.

There are three lines of decision dealing with the allowance of condominium or cooperative fees as administrative expenses. The first holds that such fees are administrative expenses, the second holds that the expenses are entitled to administrative priority because they necessarily confer benefit upon all of the properties within the subdivision, and the third requires a showing by the membership association that the particular expense has been shown to have conferred a benefit on the estate and not just upon the condominium as a whole. *In re Guillebeaux*, 361 B.R. 87 (BC M.D. N.C. 2007) is a recent case containing a thorough analysis of the situation and upholding the first proposition. The second proposition underlies the court's decision in *In re Lenz*, 90 B.R. 458 (BC Colo. 1988), whereas the third proposition requiring a finding that the specific expenditures benefit the estate is found in such cases as *In re Mishkin*, 85 B.R. 18 (BC S.D.N.Y. 1988), *In re Packard Props., Ltd.*, 118 B.R. 61 (BC N.D. Tex. 1990), and *In re Sports Shinko (Florida) Co.*, Ltd., 333 B.R. 483 (BC M.D. Fla. 2005).

Without any evidence of specific benefits conferred upon the estate, the court is limited

to an all or nothing decision as to the allowance of these fees as an administrative expense.  The court finds that Brandywine has not sustained its burden of proof and that the record does not provide any legal basis to support an award of administrative expenses to Brandywine.

In making this decision, the court finds it relevant that, under § 523(a)(16), Congress placed the responsibility for payment of post-petition payment of the fees upon debtors for as long as either the debtor or the trustee has an interest in the unit.  It is hard to convert the debtor's responsibility for payment of the fees post-discharge into an administrative expense for the estate, aside from those cases under chapter 11 where the debtor in possession acts as trustee with all of the trustee's functions and duties under 11 U.S.C. § 1107(a), as the court apparently did in the *Lenz* case.  Furthermore, all an association need do to secure payment for its unpaid fees is file a motion for relief from the stay of 11 U.S.C. § 362(a) in order to create a lien upon the subject property that would assure payment in the event that the property were sold.  Here, Brandywine possessed such a lien at the time of filing of the case for a majority of its pre-petition debt and that lien was satisfied.  Under the statutory scheme, associations are well-protected both by the nondischargeability of the obligations owed to them by debtors and by the potential relief offered through the lien process.  To add a third means of protection by way of the imposition of an administrative expense would be to provide associations with a super-super priority.  The Application is denied, and an appropriate order will be entered.


cc:

Debbie A. Hall, 9005 Florin Way, Upper Marlboro, MD 20772
Bruce Magazine, 611 Rockville Pike, #100, Rockville, MD 20852
Michael G. Wolff, Goren, Wolff & Orenstein, LLC, 15245 Shady Grove Road, Ste. 465,
      North Lobby, Rockville, MD 20850
James M. Hoffman, Offit Kurman, P.A., 4800 Montgomery Lane, 9th Floor, Bethesda, MD
      20814

**End of Memorandum of Decision**